IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| JERRY CASPER, JR., | )( |
| Plaintiff, | )( |
| v. | )(  NO. 5:11-CV-00103 |
| SCIENCE APPLICATIONS INTERNATIONAL CORPORATION, d/b/a SAIC, Inc., | )( |
| Defendants. | )( |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now JERRY CASPER, JR., Plaintiff, and files this his response to the Defendant's Motion for Summary Judgment and their Motion to Exclude Untimely Experts and would show the Court as follows:

**I.**

**LAW ON DEFEATING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

If material facts are genuinely in dispute, summary judgment is inappropriate. Fed. R. Civ. P., Rule 56( c). A factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248, 106 S. Ct. 2548, 91 L.Ed. 2d 265. When ruling on a motion for summary judgment, "the inferences to be drawn from the underlying facts … must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 975 (5th Cir. 1991). When ruling on a motion for summary judgment, the judge is not to weigh the evidence, nor engage in credibility determinations. *Anderson v. Liberty, Inc.*, 477 U.S. at 249.

Summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.CT. 2548, 91 L. Ed. 2d 265 (1986).

Summary judgment must be cautiously invoked to the end so that parties may have a trial where there is a bona fide fact dispute. *Hoffman v. Bobbit Bros. Trading Co.*, 203 F.2d 636 (9th Cir. 1953). The *Hoffman* court cautioned against summary judgment when the complaint and affidavits do not resolve issues as a matter of law.

Moreover, negligence actions do not lend well to summary judgment under Rule 56, Fed. R. Civ. P. "Because of the peculiarly elusive nature of the term negligence and the necessity that the trier of facts pass upon the reasonableness of the conduct in all the circumstances in determining whether it constitutes negligence, it is the rare personal injury case which can be disposed of by summary judgment, even where the historical facts are concededly undisputed." *Gauck v. Meleski*, 346 F.2d 433, 437 (5th Cir. 1965).

Summary judgment is rarely appropriate in negligence cases. *Croley v. Matson Navigation Co.*, 434 F.2d 73, 75 (5th Cir. 1970); *Gross v. Southern Ry. Co.*, 414 F.2d 292, 296 (5th Cir. 1969). Issues of negligence, contributory negligence and probable cause cannot ordinarily be determined on summary judgment. *Dorton v. Darby*, 373 F.2d 619 (5th Cir. 1967).

The difficulty with negligence cases is further compounded when there are "experts". The necessity of expert testimony to translate and interpret material and technical facts is justifiable grounds for denying summary judgment. *Sonobond Corp. v. Uthe Technology, Inc.*, 314 F. Supp. 878 (D.C. Cal., 1970); *Rains v. Cascade Industries, Inc.*, 402 F.2d 241 (3rd Cir. 1968); *Ortman v. Stanray Corp.*, 371 F.2d 154 (7th Cir. 1967); *Technical Printed Circuits v. Methode Elect. Inc.*, 356 F.2d 442 (7th Cir. 1966); <u>cert</u>. <u>denied</u>, 384 U.S. 950, 865 S. Ct. 1570, 16 L.Ed 2d 547 (1966).

The further difficulty in this case is that not only are there "experts" in this case, there are "expert" physicians who are "treating" physicians who have opinions as well. Under Fed. R. Civ. P. §26(b)(4), these doctors are treated as regular witnesses so expert reports were not provided.

## II.

## FACTUAL BACKGROUND

2.1    On January 13, 2010 Plaintiff was injured while working for his employer, the United States, at or near the 402 Army Field Support Brigade in Camp Arifjan, Kuwait.

2.2    The Plaintiff suffered a severe injury on that date in Kuwait when he was pushed or fell over some trash at his work station in Kuwait. (See Ex. "A").

2.3    The Defendant operated the facility where the Plaintiff was injured, and Plaintiff alleges agents of the Defendant operated the forklift that put the trash behind him that he ultimately fell over.

2.4    The Plaintiff was treated on the date of injury at a U.S. Army facility in Kuwait then for more intensive care was transferred to a U.S. government medical facility in Landstuhl, Germany and then transferred home to the United States.

2.5    The Plaintiff was treated by a number of physicians at each stop to include Kuwait, Landstuhl, Germany, Texarkana, Texas and vicinity. The treating doctors listed by Plaintiff were Dr. Baugh, Dr. Hollis, Dr. Pazdan, Dr. Wright, Ms. Carlson, Dr. Malek, among others. (See attached Ex. "B").

2.6    As a result of the fall the Plaintiff suffered a traumatic brain injury, post-concussive syndrome, and an injury to his eye. Each of these injuries and complaints have multiple symptoms. (See Ex. "C").

2.7    The medical records confirm the Plaintiff's injuries (see Ex. "D") as well as the Plaintiff's version of the accident.

## III.

## ARGUMENT

The Defense relies exclusively for its motion on the fact that Plaintiff did not name an expert witness or named an expert witness late and, therefore, did not have sufficient testimony to connect the cause of the Plaintiff's injuries with the Plaintiff's accident.

This reliance is wrong and misplaced. As previously briefed to the Court, the Plaintiff has had numerous treating physicians who have stated his head injuries are directly related to his fall. (See medical records Ex. "D" and Dr. Baugh's testimony, Ex. "E").

As so stated, Plaintiff can rely 100% in this case on the treating physicians to make the diagnosis and the connection between his fall and his injuries.

Under Rule 26(b)(4), the Plaintiff can absolutely use the treating physicians he has listed as his experts and they were so listed in the initial disclosures and they are timely listed in his discovery answers. Treating physicians under Rule 26 are treated as ordinary witnesses and do <u>not</u> need expert reports. <u>See</u> Adv. Comm. Note to 2010 Amendment to Fed. R. Civ. P. §26(b)(4); and 48 F.R.D. 487, 503; *Harasimowicz v. McAllister*, 78 F.R.D. 319 (E.D. Pa 1978); *Quarantillos v. Consolidated Rail Corp.*, 106 F.R.D. 435 (W.D.N.Y. 1985).

In fact, the Defendant in its attempt to exclude the testimony of Ms. Carlson and Dr. Wright, failed to comprehend that they too are treating health care providers and not true experts as set out in Rule 26. Both were and are properly identified (see their records attached as Ex. "F") and both qualify as ordinary witnesses.

Finally, the testimony of the Plaintiff (see medical records Ex. "D" and Ex. "G," deposition testimony of the Plaintiff) show clearly that Mr. Casper fell over the Defendant's garbage or trash. The testimony of Mr. Casper's supervisor, David Oliver, establishes the Defendant's responsibility for picking up the trash as well as insuring employee and facility safety. (See Ex. "H").

Under Rule 56, Fed. R. Civ. P., these facts are sufficient to raise a fact issue to preclude summary judgment. In fact with the undisputed medical evidence, the Plaintiff's fall due to the negligence of the Defendant is the most likely scenario of events so that the issue of liability should be settled <u>for</u> the Plaintiff not against him. The Defendant has <u>no</u> evidence to rebut the Plaintiff's scenario of events. The Defendant has listed no witnesses with knowledge in its answers to discovery.

The Defendant further has no evidence to rebut the testimony and records of the treating physicians.

## CONCLUSION

The Defendant is still trying a "gotcha" defense in an effort to dismiss Plaintiff's case. They have no witnesses, no evidence, no facts and now no law to assist in their motion. It should be denied.

Respectfully submitted,

  /s/ Walter L. Boyaki
**WALTER L. BOYAKI**
4621 Pershing Drive
El Paso, Texas 79903-1017
Tel: 915-566-8688
Fax 915-566-5906
Texas Bar No. 02759500

**WILLIAM B. HARRELL**
803 Pine Street
Texarkana, Texas 75501-5111
Tel: 903-793-1041
Fax 903-793-6449
Texas Bar No. 09042250

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

On February 28, 2012, I spoke with **ARRON BURKE** regarding this Motion for Continuance of Trial Date and New Scheduling Order.

                     /s/ Walter L. Boyaki  
                     **WALTER L. BOYAKI**

## CERTIFICATE OF SERVICE

I, **WALTER L. BOYAKI**, do hereby certify that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to **KYLE H. DREYER and AARON J. BURKE,** 6688 N. Central Expressway, Suite 1000, Dallas, Texas 75206, on this 29th day of June, 2012.

                     /s/ Walter L. Boyaki  
                     **WALTER L. BOYAKI**